## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Adam L. Meyer,

        Plaintiff,

v.

Nancy Stacken, MSOP-Moose Lake
Associate Clinical Director; Peter Puffer,
MSOP-Moose Lake Clinical Director;
Bruce Beaman, Primary Therapist, Unit
1-A; and Jannine M. Hebert, MSOP-Executive
Clinical Director, sued in their individual and
official capacities,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 17-1761 ADM/KMM

---

Seth Leventhal, Esq., Leventhal PLLC, Minneapolis, MN, on behalf of Plaintiff.

R.J. Detrick, Assistant Attorney General, Minnesota Attorney General's Office, St. Paul, MN, on behalf of Defendants.

---

This matter is before the undersigned United States District Judge for a ruling on Defendants' Objection [Docket No. 36] to Magistrate Judge Katherine M. Menendez's July 25, 2019 Report and Recommendation ("R&R") [Docket No. 35]. In the R&R, Judge Menendez recommends granting in part and denying in part Defendants Nancy Stacken, Peter Puffer, Bruce Beaman, and Jannine Hebert's (collectively, "Defendants") Motion to Dismiss [Docket No. 20]. After a de novo review, and for the reasons stated below, Defendants' Objection is overruled, and Judge Menendez's R&R is adopted.

The facts and procedural history of this matter are set forth in Judge Menendez's R&R, and are incorporated by reference. Plaintiff Adam L. Meyer ("Meyer") is civilly committed to the Minnesota Sex Offender Program ("MSOP"). He has requested visitation with relatives,

including with his minor nieces and nephews. Meyer's minor niece applied for visitation rights and was denied. Compl. [Docket No. 1] ¶¶ 9-10. When Meyer was told by his treatment team and the administration of MSOP that visitation would be "inappropriate" because of his treatment history, Meyer filed this lawsuit, claiming denial of visitation with his niece violates his First Amendment right to association.

Judge Menendez recommended granting Defendants' Motion to Dismiss with respect to Meyer's official capacity claims for damages; all claims against defendants Hebert and Puffer; Meyer's substantive due process claims; and all claims against Defendants in their individual capacities.

However, Judge Menendez recommended denying Defendants' Motion to Dismiss with respect to Meyer's official capacity claims for prospective injunctive relief under the First Amendment and the procedural Due Process Clause. Defendants object to Judge Menendez's recommendation that these claims survive the Motion to Dismiss. Defendants argue Meyer has no "First Amendment freedom of association right to visitation with his niece" because he "is a civilly committed sex offender in a secure treatment facility." Obj. at 5. Defendants further contend that even if Meyer has a First Amendment right, dismissal is warranted because the denial of visitation is reasonably related to legitimate therapeutic and institutional interests. Id. Finally, Defendants argue that the R&R errs in declining to recommend dismissal of Meyer's procedural due process claim because Meyer was given notice and a fair opportunity to rebut the reasons for denying visitation with his niece. Obj. at 9.

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

After de novo review of the Defendants' First Amendment and procedural due process claim arguments, the Court agrees with the reasoning in the R&R that dismissal of Meyer's entire lawsuit is premature.  As Judge Menendez and the Eighth Circuit have recognized, "civil detainees are 'entitled to more considerate treatment and conditions of confinement' than prisoners."  R&R, at 6 (quoting Senty-Haugen v. Goodno, 462 F.3d 876, 886 (8th Cir. 2006)).  Meyer's status as a civil detainee in addition to his allegations, taken as true, are sufficient to establish a cause of action.  The necessary record to determine whether the Defendants' denial of visitation is reasonably related to legitimate therapeutic and institutional interests has not been developed, nor is the record sufficient to determine whether Meyer received the process to which he is constitutionally entitled.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Defendants' Objection [Docket No. 36] to the Report and Recommendation is **OVERRULED**;

2. The Report and Recommendation [Docket No. 35] is **ADOPTED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 25, 2019.